UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IVORY MITCHELL, individually, and on behalf of all other similarly situated consumers,<br><br>        Plaintiff,<br><br>   v.<br><br>ENHANCED RECOVERY COMPANY d/b/a ERC,<br><br>        Defendant. | Case No.:<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff, Ivory Mitchell, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Hammond, Louisiana and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.      Defendant Enhanced Recovery Company, LLC ("ERC") is a corporation doing business in the State of Louisiana, with its corporate address as 8014 Bayberry Road, Jacksonville, Florida 32256 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a).

**FACTUAL STATEMENT**

6.      Defendant is seeking to collect an alleged debt from Plaintiff.

7.      The debt in question arises out of an AT&T DirecTV bill, incurred for personal purposes.

8.      On August 28, 2019, Defendant sent its first communication to Plaintiff. Exhibit A.

9.      The letter advises Plaintiff of the creditor, the account number, and the amount of the debt allegedly due and owing from Plaintiff.

10.     Below this information, the communication states:

> This will acknowledge that, based on information provided to our office, your account has been placed in a hold status and that collection efforts have ceased at this time. This letter is not an attempt to collect a debt. The purpose of this letter is to provide you with required legal notices.

11.     Below this Defendant's letter states the following:

> Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt of the notice, **the debt will be assumed to be valid by us**.

12.     Below this, the letter against states that the account is marked as being in hold status and collection efforts have ceased.

13.     The letter at issue is confusing, has internal contradictions, and leads to multiple interpretations.

14.     The letter begins by advising Plaintiff that he owes a debt and providing the balance.

15.     Next the letter states that Plaintiff may not owe the debt and collection efforts have ceased.

16. Next the letter states that although Plaintiff may not owe the debt, and although Defendant is not currently seeking to collect the debt, if Plaintiff does not dispute the debt, the debt will be assumed to be valid. As a valid debt, Defendant would than presumably seek to collect on it again, and Plaintiff would in fact owe the balance sought in the letter.

17. Finally, the letter again advises that it has ceased collection efforts.

18. No consumer of any level of sophistication can read Defendant's letter and reach a coherent conclusion as to whether a debt is owed, is not owed, or is not currently owed but will inevitably be considered owed within 30 days.

19. In addition to the letter being open to multiple interpretations, the letter also overshadows the debt validation notice.

20. The validation notice represents a specific 30-day period that is protected by federal law.

21. The consumer only has 30 days to dispute the debt and to trigger the validation requirements.

22. However, because the letter states in two places that the account is on hold, and Defendant is not seeking to collect the debt, one interpretation that the consumer is led believe is that he or she does not need to dispute the debt because it is not in fact being sought. There would simply be no benefit to dispute a debt that is not being collected. Therefore, the consumer is led to believe that there may be no purpose in utilizing the debt validation rights, and may choose not to do so given the mixed messages of Defendant's letter. However, once the 30 days have passed, the consumer's validation rights are also extinguished by law.

23. Further, upon information and belief, Defendant intentionally advises the consumer that it is not seeking to collect a debt in its initial communication, in order for the consumer to believe that they do not need to dispute the debt given that it is not being collected. In this way, Defendant is not obligated to validate the debt before engaging in further collections. Validation of debts, a

3

requirement under the FDCPA after the debt is disputed, can be a costly endeavor, and often times alleged debts cannot be validated.

## CLASS ACTION ALLEGATIONS

### The Class

24. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

25. This claim is brought on behalf of the following class:

> (a) all consumers within the State of Louisiana; (b) to whom Defendant has mailed the same form letter as Exhibit A (c) for debts incurred through personal, household, or familial use, and (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

26. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

27. Upon information and belief, Defendant has made similar collection attempts to over forty (40) consumers throughout the State of Louisiana, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

29. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

## Common Questions of Law and Fact

30. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

31. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

32. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

33.	Neither the Plaintiff nor Plaintiff's counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

34.	A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

35.	The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

36.	Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

37.	Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

38.	Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39.	Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

40. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

41. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

42. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

43. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

44. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, e(2), 1692e(10), and 1692g(b).

WHEREFORE, Plaintiff, Ivory Mitchell, respectfully requests that this Court do the following for the benefit of Plaintiff:

    a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;

7

    b. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;

    c. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;

    d. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and

    e. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

45.    Plaintiff demands a jury trial on all issues so triable.

Dated this 27th day of August, 2020.

                                        Respectfully Submitted,

                                        /s/ *Jonathan F. Raburn*
                                        Jonathan F. Raburn, Esq.
                                        McCarty & Raburn, A Consumer Law Firm, PLLC
                                        (P) 225.412.2777
                                        jonathan@geauxlaw.com
                                        2931 Ridge Rd.
                                        Suite 101 #504
                                        Rockwall, TX 75032
                                        Attorney for Plaintiff